J-S51025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE ADAM JOHNSON | : | |
| | : | |
| Appellant | : | No. 578 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 27, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000487-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED MARCH 02, 2021**

Lance Adam Johnson appeals from the judgment of sentence entered following his *nolo contendere* plea to Strangulation, Terroristic Threats, and Endangering Welfare of Children ("EWOC").[1] Additionally, counsel for Johnson has filed an ***Anders***[2] brief and a petition to withdraw. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The facts giving rise to Johnson's plea are as follows:

> [O]n June 21 of 2019, [Johnson] . . . assaulted [the victim], an adult female[,] and . . . applied pressure around her neck . . . and throat, . . . to impede her breathing and circulation at a point when he was quite angry at her. [O]n the same day, [Johnson] did also threaten [the victim] with a crime of violence by putting a shotgun barrel in her mouth and telling her he is going to kill her. . . . [T]here was a child

_____

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2706(a)(1), and 4304(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

with the initials Q.J.[,] born in 2011, that he did [pick up] and [throw] across the room as part of this violent incident.

\*\*\*

[The victim] was an intimate partner of Mr. Johnson.

N.T., Plea Hearing, 12/9/19, at 6-7. The plea did not include an agreement on sentencing.

The trial court held a sentencing hearing where counsel informed the court of Johnson's drug addiction and that many of his criminal offenses were drug related. *See* N.T., Sentencing, 1/27/20, at 5. The trial court also made mention of various portions of the Presentence Investigation Report ("PSI"), such as Johnson's lengthy criminal history beginning as a juvenile and Johnson's self-reported drug abuse. *Id.* at 2. It also mentioned a letter sent by the victim attached to the PSI that spoke of Johnsons' violent history. *Id.* Johnson testified and apologized to his family. *Id.* at 6.

The trial court sentenced Johnson to consecutive terms of three to seven years' incarceration for strangulation, 11 months to five years' incarceration for terroristic threats, and nine months to four years' incarceration for EWOC, for an aggregate term of four years and eight months to 16 years' incarceration. *Id.* at 7-8. Johnson filed a post-sentence motion arguing that his sentence was "too harsh" and requesting that the court impose concurrent rather than consecutive sentences. Motion to Modify Sentence, filed 2/5/20, at ¶¶ 3 and 5. The trial court denied the motion and this appeal followed. Johnson's counsel filed a court-ordered Pa.R.A.P. 1925(b) statement in the

trial court and then submitted an ***Anders*** brief and petition to withdraw in this Court.

Counsel's ***Anders*** brief identifies one issue: "Did the trial court abuse its discretion when it sentenced [Johnson] to an aggregate sentence of four (4) years, eight (8) months to a maximum of sixteen (16) years?" ***Anders*** Br. at 4.

Before reviewing the merits of this appeal, we must first determine if counsel has satisfied the requirements for withdrawing as counsel. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). Counsel may withdraw if the following requirements have been satisfied:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;
>
> 2) furnish a copy of the brief to the defendant; and
>
> 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Additionally, in the ***Anders*** brief counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

- 3 -

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). When counsel has satisfied the above referenced requirements, then this Court may review the appeal and "make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5 (citation omitted).

Counsel has satisfied all necessary requirements to withdraw. In his *Anders* brief, counsel provided a summary of the procedural and factual history of the case; identified one issue that he believed could arguably support the appeal; and gave reasons for his conclusion that the appeal is frivolous with citations to the record, case law, and statutes. Counsel also mailed a copy of the *Anders* brief to Johnson, and advised him of his right to proceed with private counsel or *pro se* to raise any additional issues that he deemed worthy of appellate review. *Anders* Br. at 13. Johnson did not respond to counsel's petition to withdraw. We conclude counsel has satisfied the requirement under *Anders* and *Santiago*, and proceed to review the merits of the issue that counsel has identified.

The issue presented by counsel raises a challenge to the discretionary aspects of sentence. When reviewing such a challenge, this Court first must determine whether: 1) the appeal is timely; 2) the appellant preserved the

issue in a post-sentence motion or at the sentencing hearing; 3) the brief includes a concise statement of the reasons relied upon for allowance of appeal;[3] and 4) the appellant raised a substantial question as to whether the sentence is appropriate under the Sentencing Code. ***Commonwealth v. Edwards***, 194 A.3d 625, 636 (Pa.Super. 2018).

Johnson filed a timely notice of appeal, and preserved his issue in a post-sentence motion, but the ***Anders*** brief does not include a concise statement of the reasons relied upon for allowance of appeal. However, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [an a]ppellant's issue is frivolous." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016) (quoting ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted)). Thus, we proceed to determine whether Johnson has raised a substantial question.

Johnson has not raised a substantial question. Johnson claims that the trial court imposed an "unduly harsh" sentence. 1925(b) Statement, filed 4/28/20, at ¶ 4. The imposition of consecutive sentences could raise a substantial question "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes

---

[3] Pa.R.A.P. 2119(f).

and the length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa.Super. 2010). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Gonzalez–Dejesus**, 994 A.2d 595, 598-99 (Pa.Super. 2010).

Looking to the criminal conduct at issue in this case, we cannot say that Johnson has raised a substantial question. The facts of this case are that Johnson strangled the victim, placed a shotgun in her mouth, threatened to kill her, and then proceeded to throw an innocent child across the room. We cannot say that the imposed sentence of four years and eight months to 16 years' incarceration appears on its face to be an unduly harsh sentence. Therefore, we conclude that Johnson has not raised a substantial question.

Prior to sentencing Johnson, the trial court referenced the information provided in the PSI that included Johnson's extensive criminal history and his admitted drug abuse. The court also considered the victim's letter to the court as well as the facts of the case. In addition, as the trial court notes, it imposed sentences within the standard guideline ranges of the Sentencing Guidelines. **See** Pa.R.A.P. 1925(a) Op., filed 7/11/20, at 1.

Further, upon an independent review of the record, we do not discern any non-frivolous issues. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/02/2021